UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALPHONSO TARODD TANNER,
FDOC Inmate No. X05549,
    Plaintiff,

vs.                                    Case No.:  3:23cv545/LAC/ZCB

SERGEANT FRENCH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He filed this *pro se* lawsuit against three FDOC officials on January 13, 2023. (Doc. 1). Plaintiff has not paid the filing fee and has filed a motion to proceed *in forma pauperis* (IFP). (Doc. 2). Upon review of Plaintiff's litigation history, the undersigned recommends this case be dismissed without prejudice because Plaintiff is a three-striker barred from proceeding IFP. Therefore, he was required to pay the filing fee upon initiating this suit.

### I.    Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds

1

that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*. According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee was due "at the time he *initiate[d]* the suit." *Id*.; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, the Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1] That search has revealed that Plaintiff (while a prisoner) has previously filed at least three actions or appeals in federal courts that were dismissed on the grounds that it was frivolous, malicious, or failed to state a claim on which relief can be granted. More specifically:

- *Tanner v. Credle*, No. 6:06cv552/ACC/JGG (M.D. Fla. May 24, 2006) (dismissed for failure to state a claim);

- *Tanner v. Wood*, 3:12cv1268/MMH/MCR (M.D. Fla. Nov. 30, 2012) (dismissed as frivolous); and

- *Tanner v. French*, 3:21cv4644/MCR/ZCB (N.D. Fla. July 28, 2022) (dismissed as malicious).[2]

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[2] Plaintiff lists two of the three cases in his "Prior Litigation" section of his complaint (Case Nos. 3:12cv1268 and 3:21cv4644). (Doc. 1 at 12-13). In all three cases, Plaintiff is identified as Inmate # X05549. Plaintiff here identifies himself with that same inmate number. (Doc. 1 at 1).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so.

Plaintiff's allegations do not support a finding that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. Plaintiff's complaint alleges that prison officials at Santa Rosa Correctional Institution assisted in a "murder-for-hire" scheme against him in 2020.[3] "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger th[e] exception to § 1915(g)." *Daker v. Ward*, 999 F.3d 1300, 1306 (11th Cir. 2021). Here, Plaintiff's complaint concerns events that occurred two years ago. And he fails to "identify any presently occurring circumstance to suggest that h[e] [faces] possible danger or potential danger" now. *See id.* at 1306 (cleaned up). Moreover, Plaintiff's general assertions that he does "not know[] when this is gonna occur again" are insufficient to satisfy the imminent danger exception. (Doc. 1 at

---

[3] One of Plaintiff's previous cases (Case No. 3:21cv4644/MCR/ZCB) is based on the same "murder-for-hire" plot. In 3:21cv4644/MCR/ZCB, Plaintiff sought to amend his complaint, alleging that he was in imminent danger at his current institution at the time, Jackson Correctional Institution. (*See* Doc. 18 at 2). He alleged that officers at Jackson Correctional Institution were threatening and attacking him because they were "friends" of the prison officials allegedly involved in the murder-for-hire plot at Santa Rosa Correctional Institution. (*See id.*). The Court was not persuaded and denied Plaintiff leave to amend. (*Id.* at 3).

4

9). As the Eleventh Circuit has recognized, such assertions are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Daker*, 999 F.3d at 1311. Plaintiff's complaint contains no such allegations of an ongoing serious physical injury or a pattern of misconduct evidencing likelihood of imminent serious physical injury. Dismissal without prejudice is, therefore, appropriate. *See Dupree*, 284 F.3d at 1236-37.

## II. Conclusion

For the reasons above, this case should be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (Doc. 2), be **DENIED**.

2. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 27th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho

United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**