UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALPHONSO TARROD TANNER,
     Plaintiff,

vs.                             Case No.:  3:23cv545/LAC/ZCB

SERGEANT FRENCH, et al.,
     Defendants.
_____/

## **ORDER**

The Magistrate Judge issued a Report and Recommendation on January 27, 2023.  (Doc. 4).  The Court furnished Plaintiff a copy of the Report and Recommendation, and he filed Objections pursuant to Title 28, United States Code, Section 636(b)(1). (Doc. 5).  After making a *de novo* determination of merits of the Report and Recommendation and the Objections, the Court concludes that the Report and Recommendation should be adopted and this case dismissed.

The Report and Recommendation states that Plaintiff's complaint should be dismissed under 28 U.S.C. § 1915(g), which provides for dismissal of civil cases brought by prisoners seeking to proceed *in forma pauperis* in the action when they have on at least three occasions brought actions which were dismissed on grounds

that they were frivolous, malicious, or failing to state a claim upon which relief may be granted.

Plaintiff does not object to the finding that he has acquired three strikes as defined under § 1915(g).  His Objections are based on the narrow exception allowing actions that are subject to § 1915(g) to nevertheless proceed when the prisoner is "under imminent danger of serious physical injury." *Id*.  In determining whether this exception is met, the court should construe all allegations in a complaint in favor of the plaintiff; however, the allegations must be specific and credible.  *See Daker v. Ward*, 999 F.3d 1300, 1316 (11th Cir. 2021), *cert. denied*, 212 L. Ed. 2d 783, 142 S. Ct. 2716 (2022); *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir.2006).  Claims that are conclusory in nature do not qualify, nor are claims that are speculative or fantastic.  *See Daker*, 999 F.3d at 1316; *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770-771 (11th Cir. 2018); *Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  As is pertinent here, courts have held that generalized claims that an inmate is unsafe due to a conspiracy against him to cause him harm are insufficient.  *See Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (citing *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999); *Chestnut v. Walker*, 2020 WL 8736179, at *2–3 (N.D. Fla. Sept. 2,

2020), *report and recommendation adopted*, No. 3:20CV5679-MCR-HTC, 2021 WL 826415 (N.D. Fla. Mar. 4, 2021).

Furthermore, allegations of past harm are insufficient to establish a claim of *imminent* harm.  *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999); *Daker*, 802 F. App'x at 515 (11th Cir. 2020).  The imminent danger exception is to be construed narrowly as it is only available for impending emergencies where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Ball*, 726 F.3d at 468; *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001).  Thus, transfer of the inmate to another prison, or even to another part of the prison in response to the threat, serves to nullify an allegation of the imminent threat of harm.  *See Medberry*, 185 F.3d at 1191; *Smith v. Dewberry*, 741 F. App'x 683, 686–87 (11th Cir. 2018); *O'Connor*, 649 F. App'x at 804–05.

Plaintiff's allegations fall short of the above standards.  The mainframe of his claim is that certain correctional officers at Santa Rosa Correctional Institution have been threatening to kill him or cause him great harm.  These allegations mainly revolve around events (generally, verbal threats) occurring in 2020, in which Plaintiff was informed that persons from a certain gang had paid money to the defendant corrections officers to have him killed at the institution.  These allegations were the subject of a previous case Plaintiff filed with this Court,

*Tanner v. French, et al.*, Case No. 3:21-cv-04644-MCR-ZCB, which was dismissed on procedural grounds in July of 2022.  In the meantime, Plaintiff was transferred  to Graceville Correctional Institution in December of 2021, and then to Jackson Correctional Institution where he evidently resided until his transfer back to Santa Rosa Correctional Institution on November 29, 2022.  Plaintiff filed the instant complaint on January 13, 2023, but by February 4, 2023, had been transferred to the Regional Medical Center (Doc. 5 at 3–6).

Plaintiff claims that the threat to his person is ongoing, alleging the following:

1.   Plaintiff is being pursued by gangs and a criminal organization that is "running" the Florida Department of Corrections.

2.   In 2020, the three Defendant correctional officers in this action were paid $250,000.00, $80,000.00, and $30,000.00, respectively, by a man named Letivis Harris, to kill Plaintiff.

3.   Letivis Harris also paid to have two of Plaintiff's cousins killed (and the murders were apparently carried out).

4.   Defendants evidently faked Plaintiff's death in 2011, for reasons not explained.

5.   Plaintiff was recently assaulted by another inmate alleged to be a gang member, and now Plaintiff's left eye is "destroyed" to the point that he "can barely see out of it."[1]

---

[1]  It bears mentioning that Plaintiff currently resides at a correctional medical center while he receives treatment for a stomach problem; he does not mention whether he sought any medical attention for his eye.

6.     Defendant Sergeant French told Plaintiff that he has friends in the court system who would arrange for the dismissal of this lawsuit or any others that Plaintiff may file.  It is Plaintiff's belief that this Court is complicit in this regard by dismissing Plaintiff's lawsuits in order to cover up the "hit for hire."   Plaintiff suggests that this Court is so motivated because "KKK [is] inside people."

7.     Plaintiff indicates that he has a "paper trail" of evidence and that the Federal Bureau of Investigation has been made aware of some or all of the above.

While in isolation some of Plaintiff's allegations appear plausible (for instance, inmate assaults, gang activity and officer misconduct), taken as a whole they amount to a far flung conspiracy against him – unsupported by any factual detail.  While Plaintiff indicates that he possesses a "paper trail" of evidence, his entire narrative consists solely of bare, conclusory statements.   Other than a passing reference to gang activity and a "hit job" against him, his allegations do not reveal any motive on the part of his would-be assailants.  Further, some of the allegations pertaining to the size and reach of the alleged conspiracy border on fantasy.

Moreover, Plaintiff speaks mainly of events, namely the alleged "hit job" against him, that took place in 2020, over two years ago.  While Plaintiff might have been better positioned to show an imminent risk of harm had this case been filed two years ago, assuming he could otherwise support his claim, the long passage of time undermines the professed urgency of the threat, especially since

there is no suggestion that any attempt to carry out the threat was ever made.  The Court recognizes that Plaintiff more recently was returned to Santa Rosa Correctional Institution (only now to be transferred away again, though possibly on a temporary basis with a plan for his subsequent return to Santa Rosa).  But while Plaintiff tries to contemporize his allegations, chiefly by stating that he is still a marked man in regard to his present situation, his allegations remain unsupported and conclusory.  Plaintiff states that he was more recently attacked by another inmate, but this assertion is bereft of any factual detail or any inkling that the attack was connected to the alleged conspiracy against him.  In sum, Plaintiff's claim is at best that of a past threat of harm, or certainly of non-imminent harm, and at worst the stuff of conjecture or fantasy.  Because he fails to establish that he is under imminent danger of serious physical injury, he is subject to the three strikes rule of § 1915(g).

Having considered the Report and Recommendation, and any timely filed objections thereto, I have determined

Accordingly, it is **ORDERED**:

1.    The magistrate judge's Report and Recommendation (Doc. 4) is adopted and incorporated by reference in this order.

2.      This action is **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he commenced this case.

3.      The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

**ORDERED** on this 2nd day of March, 2023.


                                        s/*L. A. Collier*
                                     Lacey A. Collier
                            Senior United States District Judge